LAUREN E. KOMSA (Bar No. 244438)
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Telephone: (212) 669-0600
Facsimile: (212) 669-0678

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK OATHOUT<br><br>Plaintiff,<br><br>- *Against* -<br><br>SCRIPPS INSTITUTION OF OCEANOGRAPHY, UNIVERSITY OF CALIFORNIA SAN DIEGO, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, and DOE DEFENDANTS 1-10,<br><br>Defendants. | Case No.:  '11CV0498 W  JMA<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

**GENERAL ALLEGATIONS**

1. The Plaintiff, Frank Oathout (hereinafter "Plaintiff"), is and was at all times herein mentioned engaged in service as a seaman aboard the M/V ROGER REVELLE. The Plaintiff is a citizen of the United States and a resident of the State of Washington.

2. Defendant Scripps Institution of Oceanography (hereinafter "SCRIPPS"), is an entity owned or managed by the University of California, San Diego, a subsumed campus of the University of California System. The property of SCRIPPS is owned and governed by the Board of Regents of the University of California System with its principal place of business in Oakland, Alameda County, California. At all relevant times mentioned herein, SCRIPPS was and is a public entity organized and existing under the laws of the State of

California. SCRIPPS may be served at the office of General Counsel, 1111 Franklin Street, 8th Floor, Oakland, Alameda County, California 94607-5200.

3.     Defendant, the University of California San Diego (hereinafter "UCSD"), is an entity owned or managed by the Regents of the University of California, a subsumed campus of the University of California System.  The property of UCSD is owned and governed by the Board of Regents of the University of California System with its principal place of business in Oakland, Alameda County, California.  At all relevant times mentioned herein, UCSD was and is a public entity organized and existing under the laws of the State of California. UCSD may be served at the office of General Counsel, 1111 Franklin Street, 8th Floor, Oakland, Alameda County, California 94607-5200.

4.     Defendant, The Regents of the University of California (hereinafter "REGENTS") is the governing body of the University of California System, including SCRIPPS. *See* Cal. Const., art. IX, § 9.  Under California Law and for all purposes herein, the REGENTS are treated as the real party in interest for the University of California and its subsumed entities. All University of California property is held by the REGENTS, all bank accounts are held in the name of the REGENTS, and all lawsuits involving the University of California refer specifically to the REGENTS.  At all relevant times mentioned herein, REGENTS were and are a public entity organized and existing under the laws of the State of California with it principle place of business in Oakland, Alameda County, California.  REGENTS may be served at the Office of General Counsel, 1111 Franklin Street, 8th Floor, Oakland, Alameda County, California 94607-5200.

5.     Plaintiff is ignorant of the true names and capacities of Doe Defendants 1-10, sued herein, inclusive, and therefore sues these defendants under such fictitious names.  Plaintiff will amend this complaint and insert their names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that such fictitiously named defendants are

responsible in some manner for the occurrences herein alleged, whether agents or principals of some or all of the other defendants, and were acting in the course and scope of their authority.

6. By virtue of California Government Code § 905.6, the requirements of the California Tort Claims Act do not apply to the Regents of the University of California.

7. Defendants are and were at all material times hereto the owners *pro hac vice* and/or operators of the M/V ROGER REVELLE (hereinafter sometimes referred to as "the vessel") and used the vessel in maritime commerce.

8. The Defendants were at all times material hereto the employer of the Plaintiff.

9. The vessel's homeport and regular berth is and was the Port of San Diego, California.

10. This action is a suit on an admiralty and/or general maritime law claim under federal law and the Jones Act, 28 U.S.C. § 1333 and 46 U.S.C. § 30104 *et seq*.

## FACTS

11. The incident which is the subject of this lawsuit occurred upon navigable waters while the Plaintiff was engaged in service as a seaman and ship's officer, rated as a Second Assistant Engineer, aboard the M/V ROGER REVELLE.

12. While in the course and scope of Plaintiff's employment and duties as a seaman, Plaintiff was injured on or about May 30, 2009.

13. Plaintiff was injured when he was ordered to enter a ballast tank to investigate the malfunction of and clear a sounding tube in the ballast tank.

14. A ballast tank is a small, confined compartment at the bottom of a ship, which is filled with liquid for stability and to make the ship seaworthy.

15. Sounding tubes are slender metal tubes used to calculate the depth of liquid in a tank. The depth is calculated by lowering a metal sounding tape with a sinker to the bottom

of the tank. The sounding tape is coated with a chemical substance that indicates the depth of the liquid in the tank.

16. The sounding tubes malfunctioned as a result of Defendants' failure to properly maintain and/or repair same.

17. Plaintiff was ordered by his superiors to enter the ballast tank before Defendants adequately inspected the space to ensure that it was safe for human entrance.

18. Defendants further failed to furnish Plaintiff with proper safety equipment prior to his entry into the ballast tank.

19. Defendants further failed to furnish the ballast tank with adequate lighting, prior to Plaintiff's entrance.

20. During the course of performing his duties and orders, Plaintiff slipped on sludge on the slick surface of the bottom of the ballast tank and fell backwards into the frame of the vessel. As a result of the foregoing, the Plaintiff sustained serious injuries, including to his ribs, back, neck, shoulder, and teeth.

21. At the time of the Plaintiff's injuries, the vessel was underway and engaged in seismic survey activity off the coast of Australia.

22. Immediately following Plaintiff's fall, the First Assistant Engineer informed the Captain and Chief Engineer of the Plaintiff's injuries.

23. The Plaintiff sought needed medical attention and requested to be examined by a doctor. Ignoring this request, the officers of the vessel did not provide proper medical treatment for the Plaintiff.

24. Following Plaintiff's accident, although the ship's master and officers were aware of Plaintiff's injuries, Defendants made no attempt to provide Plaintiff with necessary medical treatment.

25. Although Plaintiff's injuries clearly required immediate medical attention, and although Defendants had the resources to provide proper treatment both onboard or shore side, Defendants did not provide necessary medical care to Plaintiff for nearly one month (5/30/2009-6/23/2009), until the vessel called on the port of Darwin, Australia.

26. When the vessel arrived in Darwin, Defendants arranged for Plaintiff to be examined by a doctor. The doctor conducted a minimal diagnostic evaluation, and failed to diagnose and/or misdiagnosed Plaintiff's injuries.

27. As a result of Plaintiff's injuries, he was physically unable to continue his duties in the engine room. As such, on or about June 27, 2009, Plaintiff disembarked the vessel.

28. Following his disembarkation from the vessel, Plaintiff continued to seek and Defendants continually failed to provide, maintenance or proper medical care to Plaintiff.

29. Notwithstanding Defendants' acknowledgment of Plaintiff's seaman status, they continued to deny Plaintiff's claim for maintenance and cure and/or instructed Plaintiff to file a California Worker's Compensation Claim.

30. Despite Plaintiff's lawful demands, Defendants acted in bad faith and wrongfully refused to pay Plaintiff maintenance. It was not November 13, 2009, after Plaintiff was forced to hire an attorney to protect his rights, that Defendants began to pay Plaintiff's maintenance.

31. To date, Defendant continues to act in bad faith by intentionally and consistently delaying the approval of Plaintiff's medical care and the expenses arising therefrom.

32. As a result of Defendant's bad faith failure to pay Plaintiff's maintenance and cure, many of Plaintiff's medical expenses have not been paid, resulting in the bills going into collection.

33. The pain and stress from Plaintiff's injuries have caused mental illness including depression and posttraumatic stress disorder.

34. As a direct and proximate result of Defendants' failure to provide a seaworthy vessel, Plaintiff sustained serious injuries. As a further direct and proximate cause of Defendants' negligence in failing to provide Plaintiff with treatment for his injuries, Plaintiff's injuries worsened, resulting in additional damages.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE JONES ACT (46 U. S. C. § 30104 *et seq.*)

*(As Against All Defendants)*

35. Plaintiff repeats and re-alleges each and every allegation contained herein.

36. At all times material hereto, there was in effect an Act of Congress known as The Jones Act, 46 U. S. C. § 30104 *et seq.*, applicable to Defendants and its agents and employees.

37. At all times material hereto, Defendants had a non-delegable duty to provide the Plaintiff with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

38. At all times material hereto, Defendant had the duty to ensure the safety and well-being of its crew, including by providing immediate medical assistance when it was required.

39. Defendants breached the aforementioned duties by, *inter alia*,:

   a. Failing to properly maintain and repair the sounding tubes aboard the vessel;

   b. Failing to adequately inspect the ballast tank to ensure that it was safe for human entrance;

   c. Failing to provide Plaintiff with proper safety equipment prior to his entry into the ballast tank;

   d. Failing to furnish the ballast tank with adequate lighting prior to Plaintiff's entrance;

e. Ordering Plaintiff to enter the dangerous ballast tank without adequate safety precautions; and

f. Failing to provide Plaintiff with proper medical care and attention after he was injured as a result of the aforementioned breaches.

40. As a direct and proximate result of Defendants' negligence, including the negligence of Defendants' agents and employees, Plaintiff has suffered and continues to suffer from serious personal injuries, pain and suffering, mental illness, scarring, permanent loss or diminution of use of body functions, permanent physical impairment, lost wages, loss of ability to perform household services, loss of consortium, loss of earning capacity, found, past and future out-of-pocket medical expenses, and other expenses proximately resulting from his injuries.

**SECOND CAUSE OF ACTION**
**<u>UNSEAWORTHINESS</u>**

*(As Against All Defendants)*

41. Plaintiff repeats and re-alleges each and every allegation contained herein.

42. Pursuant to the General Maritime Law, Defendants had an absolute and non-delegable duty to provide the Plaintiff with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a reasonably safe place to work.

43. Defendants breached this duty by failing to provide a safe and seaworthy vessel and crew, and a reasonably safe place to work in the following ways:

a. Failing to properly maintain and repair the sounding tubes aboard the vessel;

b. Failing to adequately inspect the ballast tank to ensure that it was safe for human entrance;

c. Failing to provide Plaintiff with proper safety equipment prior to his entry into the ballast tank; and

d.   Failing to furnish the ballast tank with adequate lighting prior to Plaintiff's entrance.

44.   As a direct and proximate result of the unseaworthiness of the M/V ROGER REVELLE, its crew and appurtenances, Plaintiff has suffered and continues to suffer from serious personal injuries, pain and suffering, mental illness, scarring, permanent loss or diminution of use of body functions, permanent physical impairment, lost wages, loss of ability to perform household services, loss of consortium, loss of earning capacity, found, past and future out-of-pocket medical expenses, and other expenses proximately resulting from his injuries.

**THIRD CAUSE OF ACTION**
**<u>MAINTENANCE AND CURE</u>**

*(As Against All Defendants)*

45.   Plaintiff repeats and re-alleges each and every allegation herein.

46.   Pursuant to the General Maritime Law of the United States, Defendants have an absolute and non-delegable duty to provide Plaintiff with maintenance and cure from the date of his injury until maximum care is reached.

47.   Plaintiff was injured while in the service of the ship.

48.   Defendants are indebted to the Plaintiff for past and future maintenance benefits at a daily rate to be set by this Court until maximum cure is achieved, and for all costs of the care incurred.

49.   Plaintiff is further entitled to lost wages for the remainder of the voyage or the end of the Plaintiff's contract and for transportation to the port of engagement.

50.   Plaintiff is further entitled to compensatory damages as result of Defendants' delayed payment of maintenance and cure.

51. Plaintiff was forced to hire an attorney to pursue maintenance and cure and may recover attorney's fees for Defendants' refusal and failure to maintenance.

52. Plaintiff may recover punitive damages for his employer's willful and wanton failure to pay maintenance and cure, and the Jones Act does not preclude such damages.

**WHEREFORE**, Plaintiff prays as follows:

1. For trial by jury;
2. For judgment against Defendants, jointly and severally, for all injuries and damages he has suffered as a consequence of the Defendants' culpable conduct;
3. For judgment against Defendants for maintenance and cure;
4. For pre-judgment and post-judgment interest at the legal rate;
5. For exemplary damages in an amount sufficient to punish Defendants and to deter such conduct in the future;
6. For costs of suit herein incurred, including reasonable attorneys' fees; and
7. For such other further relief as the court may deem just and proper.

Respectfully submitted,

| DATED: 3/11/2011 | HILL RIVKINS LLP<br><br>By: /S/ Lauren E. Komsa<br>Lauren E. Komsa (Bar No. 244438)<br>Attorney for Plaintiff |
|---|---|

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Frank Oathout

**DEFENDANTS**
Scripps Institution of Oceanography, University of California San Diego, The Regents of the University of California, and Does 1-10

(b) County of Residence of First Listed Plaintiff: **Gray Harbor (OR)**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Alameda**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hill Rivkins LLP, 45 Broadway Ste. 1500
New York, NY 10006 (212) 669-0600

Attorneys (If Known): **'11CV0498 W   JMA**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☒ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
The Jones Act 46 U.S.C. 30104
Brief description of cause:
Plaintiff was injured while employed as a seaman

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **3 million**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 03/11/2011
SIGNATURE OF ATTORNEY OF RECORD: /s/ Lauren E. Komsa

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____